```
                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF UTAH
```

| | |
|---|---|
| DAN HENRY TIJERINA SR., | **MEMORANDUM DECISION &** |
| Plaintiff, | **DISMISSAL ORDER** |
| v. | Case No. 2:12-CV-758 DN |
| TOM PATTERSON et al., | District Judge David Nuffer |
| Defendants. | |

Plaintiff, Dan Henry Tijerina Sr., an inmate at Utah State Prison, filed a *pro se* prisoner civil-rights complaint, *see* 42 U.S.C.S. § 1983 (2013), proceeding *in forma pauperis*. *See* 28 *id.* § 1915.  His Amended Complaint is now before the Court for screening.  *See id.* § 1915A.

### SCREENING ANALYSIS

### 1. Plaintiff's Allegations

Plaintiff's Amended Complaint alleges claims against Utah Department of Corrections Defendants Director Tom Patterson, Deputy Warden Bigelow, Captain Brown, Lieutenant Zorn, Sergeant Pead, and Officer Walker.  Plaintiff argues he was denied legal access when Defendants conspired to deny him enough paper to file his opening brief in an appeal he had pending before the

United States Tenth Circuit Court of Appeals and unspecified motions in the Utah Third Judicial District Court.

In particular, Officer Walker gave Plaintiff five pieces of paper one week, then another sixteen pieces after Plaintiff complained about the amount. Plaintiff alleges he needed at least thirty sheets of paper to file the brief in the Tenth Circuit. Also, Lieutenant Zorn told Plaintiff to file a request with the warden asking for clearance to receive more writing paper, while denying Plaintiff more writing paper in an Offender Management Review meeting on the subject.

Without naming the contract attorneys as defendants, Plaintiff also attacks the contract-attorney system at the prison, stating that contract attorneys did not provide ongoing case law and advice after his initial pleadings were prepared. To remedy these alleged constitutional violations, Plaintiff requests myriad types of injunctive and monetary relief, from being transferred to a different facility to an award of several tens of thousands of dollars.

### 2. Grounds for Sua Sponte Dismissal

In evaluating the propriety of dismissing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and

regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe these *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.; see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001)

4

(quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### 3. Conspiracy

As to Plaintiff's conspiracy claim, he "must specifically plead 'facts tending to show agreement and concerted action.'" *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)).  Plaintiff has not met this responsibility in his current amended complaint; his vague assertions that multiple people were involved in denying him paper and legal access, and, therefore, a conspiracy must be involved, are not enough.  More detail is required to properly pursue a conspiracy claim.

### 4. Affirmative Link

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"  *Stone v. Albert*, No. 08-2222, 2009 U.S. App. LEXIS 15944, at *4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins*, 519 F.3d at 1250).  Plaintiff cannot name an entity or individual as a defendant based solely on supervisory position.  *See Mitchell v. Maynard*,

5

80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Further, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Officer Walker and Lieutenant Zorn are the only two defendants against whom Plaintiff alleges an affirmative link to the denial of paper.  The other defendants--Tom Patterson, Deputy Warden Bigelow, Captain Brown, and Sergeant Pead--are thus dismissed.

### 5. Legal Access

Here, the Court repeats the law it set forth in its October 31, 2012 Order notifying Plaintiff of the deficiencies in his original complaint and giving him guidance on adequately amending it:  It is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980).  In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison

6

authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or adequate assistance from persons trained in the law*." *Id.* at 828 *(footnote omitted & emphasis added).*

*However,* to successfully assert a constitutional claim for denial of access to the courts, a plaintiff must allege not only the inadequacy of the library or legal assistance or resources furnished *but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim." Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).  In other words, a plaintiff must show "that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).  Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement."  *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

This is where Plaintiff has not met his burden of allegation.  He has not even suggested that his lack of paper and help from contract attorneys prejudiced his litigation--and this, after the necessity to do so was explicitly explained by this Court (in its October 31, 2013 "cure order") in the exact words set forth in the preceding paragraph.

As a point of interest, the Court's review of Plaintiff's case in this Court reveals: (1) He has used ninety-nine pieces of paper in this case alone to argue that he has too little paper. He separately filed two amended complaints that were essentially identical to each other that were twenty-eight pages a piece. He did this even after the Court had estimated in its cure order that Plaintiff could have brought his claims in five pages and after the Court sent him a form complaint to complete for filing. Instead of using the form paper provided by the Court and heeding the Court's advice that he could drastically shorten his complaint by being less wordy and repetitive, Plaintiff eschewed the form complaint and advice, and used plain paper for his amended complaint, doubled the original complaint's length from fourteen to the amended complaint's twenty-eight pages, and then, inexplicably, filed two twenty-eight-page amended complaints in which he wrote the exact-same words (but with slight stylistic variation).

Further, the Court has reviewed Plaintiff's prior litigation in this Court and discovered that he has filed a total of seven cases here. Five of those cases were pursued to dismissal on the merits and through the appeals process. Two of them were even reversed and remanded by the Tenth Circuit at some point! In the Court's experience, this is quite unusual. Plaintiff has proven to be a savvy litigant. His pleadings

8

contain relevant and plentiful citation. He has filed reams of paper in this Court throughout the years.

Finally, the Court notes that Plaintiff refers to the specific time of March and April of 2011 as when he was stymied in his efforts to write his brief to the Tenth Circuit. In reviewing his litigation in the federal courts, the Court has found but one possible case in which Plaintiff could have been preparing to submit a brief to the Tenth Circuit: *Tijerina v. Patterson*, No. 2:10-CV-529 TS (D. Utah Feb. 11, 2011) (dismissing complaint for failure to comply with Court's order and for failure to prosecute).

Plaintiff filed a notice of appeal as to that Order on March 4, 2011, which lines up time-wise with his efforts to obtain paper for briefing to the Tenth Circuit. The irony of that situation is that, based on Plaintiff's briefing then, the Tenth Circuit *reversed* this Court's dismissal of Plaintiff's complaint and remanded for further proceedings in this Court. *See Tijerina v. Patterson*, No. 11-4037 (10th Cir. Nov. 3, 2011). So, Plaintiff simply cannot argue what is essential to a successful legal-access claim: that his litigation was hindered by lack of paper and help by the contract attorneys. Not only was he not hindered *but he prevailed*. This is probably why, as a seasoned prisoner-litigator, he did not even try to make the argument that his litigation was hindered. And, his clear

inability to validly make that argument is fatal to his claim here.

**ORDER**

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2013), for failure to state a claim on which relief may be granted. And, neither liberal interpretation of Plaintiff's claims nor further opportunity to amend would lead to a different result. This case is **CLOSED**.

DATED this 22nd day of April, 2013.

BY THE COURT:

_____
DAVID NUFFER
United States District Judge